IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15CV328-WKW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff seeks review, pursuant to 42 U.S.C. § 1383(c)(3) and § 405(g),[1] of the Commissioner's final decision denying his claim for benefits under the Social Security Act. This action is presently before the court on the Commissioner's motion to dismiss or, in the alternative, for summary judgment. (Doc. # 9). The Commissioner contends that plaintiff's complaint is time-barred.[2] Upon consideration of the motion, the court concludes that it is due to be granted.

**Background**

On September 20, 2013, an Administrative Law Judge of the Social Security

---

[1] The Social Security Act provides for judicial review of the Commissioner's final decisions in Title XVI cases to the same extent "as provided in section 405(g)" in Title II cases. 42 U.S.C. § 1383(c)(3).

[2] The court advised plaintiff of its intention to consider the evidence attached to the Commissioner's motion and to treat the motion as one for summary judgment. Plaintiff has not filed a response in opposition to the Commissioner's motion. (See Doc. # 10)(allowing plaintiff until August 13, 2015, to respond to the pending motion).

Administration denied plaintiff's claim for disability benefits. (See Complaint, ¶ II and Herbst declaration, ¶ 3(a) and Exhibit 2). The plaintiff sought review of the decision by the Appeals Council. On March 10, 2015, the Appeals Council issued a notice advising plaintiff that it was denying his request for review and informing him of his right to commence a civil action within sixty days from his receipt of the notice. (Herbst dec., ¶ 3(a) and Exhibit 2; see also Complaint, ¶ II). On May 18, 2015, plaintiff filed the present complaint. (Doc. # 1).

## Discussion

The Social Security Act specifies the statute of limitations for commencing an action seeking review of a final decision of the Commissioner denying Social Security benefits as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[3] The Commissioner has provided by regulation that a civil action may be commenced within:

---

[3] The "60 day time period provided for in 42 U.S.C.A. § 405(g) is not jurisdictional, but rather is a statute of limitations[.]" Stone v. Heckler, 778 F.2d 645, 649 n. 7 (11th Cir. 1985)(citations omitted); cf. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 437 (2011)(observing, in a case involving judicial review under the Veterans' Judicial Review Act, that "long before Congress enacted the VJRA, we held that the deadline for obtaining review of Social Security benefits decisions in district court, 42 U.S.C. § 405(g), is not jurisdictional.")(citing Bowen v. City of New York, 476 U.S. 467, 478 and n. 10 (1986); Mathews v. Eldridge, 424 U.S. 319, 328 n. 9 (1976); Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975)).

> ... 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The ALJ's decision denying plaintiff's claim for benefits became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. Jackson v. Astrue, 506 F.3d 1349, 1351 (11th Cir. 2007)  Plaintiff alleges – and Herbst declares – that the Appeals Council issued its notice denying his request for review on March 10, 2015. (Complaint, ¶ II; Herbst dec. ¶ 3(a) and Exhibit 1). Herbst further states that the Commissioner's electronic file pertaining to plaintiff's claim reveals no request to the Appeals Council for an extension of time for filing a civil action. (Herbst declaration, ¶ 3(b)). Thus, the statute of limitations set forth in 42 U.S.C. §405(g) – as extended by the Commissioner's regulation – expired on May 14, 2015. Plaintiff commenced this action four days thereafter.

As noted previously, plaintiff has not responded to the Commissioner's motion. There is no evidence of record demonstrating the existence of an issue of fact as to the date on which plaintiff received notice of the Appeals Council's action denying review or as to whether he requested an extension of time from the Appeals Council. Therefore, it is undisputed that this action was not filed within the time prescribed by the statute. Plaintiff

makes no contention that equitable tolling is appropriate, and the record includes no evidence that would support a finding of the extraordinary circumstances required to justify equitable tolling.  See Jackson, 506 F.3d at 1353 ("[T]raditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances."). Accordingly, the Commissioner is entitled to summary judgment. See Fed. R. Civ. P. 56(e)(3) ("If a party fails to ... properly address another party's assertion of fact as required by Rule 56(c), the court may ... grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]").

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Commissioner's alternative motion for summary judgment (Doc. # 9) be GRANTED, and that this case be DISMISSED with prejudice as time-barred.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  Plaintiff is DIRECTED to file any objections to this Recommendation on or before October 16, 2015. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 2nd day of October, 2015.

                                            /s/ Susan Russ Walker
                                            SUSAN RUSS WALKER
                                            CHIEF UNITED STATES MAGISTRATE JUDGE